UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAVIN J. WALTON** : | **CIVIL ACTION NO. 2:16-cv-1466** |
|    DOC #1287459 | **SECTION P** |
| **VERSUS** : | **JUDGE MINALDI** |
| **CALCASIEU PARISH SHERIFF'S** | |
| **DEPARTMENT, ET AL** : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Davin J. Walton ("Walton"). Walton is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Calcasieu Sheriff's Prison ("CSP") in Lake Charles, Louisiana. As defendants, Walton names Calcasieu Parish Sheriff's Department ("CPSD"), Calcasieu Parish Sheriff Tony Mancuso ("Mancuso"), CSP Warden Boyde ("Boyde"), CSP Officer Gary ("Gary"), and CSP Officer Finn Carlton ("Finn"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Walton, a pretrial detainee, states that he has been incarcerated at CSP since April 24, 2016. Doc. 1, p. 4. He contends that on October 4, 2016, a federal inmate named Larry Bigelow threatened to beat him up if he (Walton) did not give Bigelow commissary items by the next day. Doc. 4, p. 3. Walton claims that he then wrote an email to the CSP Administration informing them that "an inmate was trying to strong arm me." *Id.* Walton states that defendant Carlton "intercepted

the e-mail and replied promptly by stating that Officer Gary, the deputy on duty would come talk to me. He never did." Doc. 4, pp. 3–4.

Walton alleges that the following day (October 5, 2016), Bigelow approached him in an aggressive manner and insinuated that he intended to cause bodily harm to Walton. *Id.* at 4. Walton then pushed the inmate away from him "in self defense . . . [and] was then violently attacked" by Bigelow while deputies looked on. *Id.* Walton states that he was then transported to the hospital, where he received a CAT scan of his head and nine stitches on his face. *Id.*

Walton maintains that the attack would not have occurred if defendant Gary would have talked to him after he sent the above mentioned email notifying the CSP administration of the situation. *Id.* at 6. As a result of the attack, Walton maintains that he is permanently disfigured, has trouble controlling his right eyebrow, has diminished hearing in his right ear, is nervous around people, fears for his life, and believes that the staff is out to get him. Doc. 1, p. 7; doc. 4, pp. 5–6. He seeks $200,000.00 in damages as well as payment for additional medical expenses including plastic surgery and psychiatric counseling.[1] Doc. 4, p. 7.

## II.
### LAW AND ANALYSIS

**A. Frivolity Review**

Walton has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

---

[1] In his original, deficient petition, Walton also requested a release from custody based on his safety concerns. Doc. 1, p. 5. However, as he did not restate this request in his amended complaint, it appears that he has abandoned it. *See* doc. 4, p. 7.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Failure to Protect

Walton's claim is basically one for failure to protect him from harm, specifically from the attack in question. As previously noted, he was a pretrial detainee at the time of the incident on which he bases this claim. In *Hare v. City of Corinth*, the Fifth Circuit held "that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial

detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement . . . ." 74 F.3d 633, 650 (5th Cir. 1996). Thus, regardless of whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability under a failure to protect claim is the same. *Id.*

Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. A plaintiff must therefore establish that the defendant possessed a culpable state of mind. *Farmer v. Brennan*, 114 S.Ct. 1970, 1977 (1994). "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 114 S.Ct. at 1979.

In this case, it cannot be concluded that prison officials unconstitutionally exposed Walton to a substantial risk of serious harm. Although Walton states that he notified CSP that Bigelow "strong-armed" him, this does not show that any defendant had reason to suspect that the federal inmate would attack him. As described by Walton, the incident occurred suddenly and initially consisted of the federal inmate verbally threatening him. In response, he pushed the federal inmate (albeit in self-defense, by his account), thereby escalating the situation to a physical level. Walton's claims simply do not show that the defendants possessed a culpable state of mind or the subjective intent to cause harm. *See Farmer*, 114 S.Ct. at 1977, and *Mace*, 333 F.3d at 626. His claims in this regard should be dismissed.

### D. Improper Party

The court notes that Calcasieu Parish Sheriff's Department does not have the capacity to be sued. The Federal Rules of Civil Procedure provide that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b) Thus, Louisiana law governs whether the above entity has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ANN. art. 24. In Louisiana, sheriff's departments have not been granted juridical status. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Furthermore, correctional facilities administered by these departments, like CSP, are also incapable of being sued. *See, e.g.*, *Ware v. Morehouse Parish Det. Ctr.*, 2007 WL 1108920, *3 (W.D. La. Jan. 18, 2007). Walton's suit against CSP and CSPD therefore fails to state a claim upon which relief can be granted.

### E. Supervisory Liability

Walton has not stated a viable claim against CSP Warden Boyde or Calcasieu Parish Sheriff Tony Mancuso. It is clear that these parties are named in their supervisory capacities, and well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Walton has named Warden Boyde and Sheriff Mancuso as defendants but has not alleged

personal involvement or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Walton's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. **Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996)**.

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE